[File No. 6247.]

ERICK ROSEDAL, Petitioner, v. FAY HARDING, C. W. McDonnell and Ben Larkin, as and Constituting the Board of Railroad Commissioners of the State of North Dakota, Respondents.

(252 N. W. 884.)

Opinion filed February 21, 1934.

*Franklin J. Van Osdel* and *Peter B. Garberg,* for appellant.

*P. O. Sathre,* Attorney General, and *J. A. Heder,* Commerce Counsel for Bd. of R. R. Commissioners, for respondent.

BURKE, J. Chapter 164 of the Session Laws of 1933 regulates motor vehicle transportation engaged in by common motor carriers of property, common motor carriers of passengers, contract motor carriers of property, and contract motor carriers of passengers and vests in the Board of Railroad Commissioners power and authority to supervise and regulate each class of motor vehicle transportation. No common motor carrier of property or passengers can operate without first having obtained from the Board of Railroad Commissioners a certificate of public convenience and necessity granted after a hearing and no contract motor carrier of property or passengers may operate any motor vehicle for transportation of persons or property without first having a permit from the Board of Railroad Commissioners after a hearing. Before engaging in any motor vehicle transportation a bond must be executed and delivered to the Board of Railroad Commissioners as provided in § 26 of the act, which reads as follows: *"Insurance or bond required. Liability of Insurer and Surety. Trial.* The com-

mission shall in granting a certificate to any common motor carrier, and in granting a permit to any contract carrier require the owner or operator to first procure either liability and property damage insurance, or a surety bond, written by company authorized to write such insurance or bond in the State of North Dakota, in an amount to be designated by the commission. The conditions of this liability insurance or surety bond shall be such as to guarantee the payment of any loss or damage to property, or death or injury to persons, resulting from the negligence of such carrier, and also to guarantee the payment by the carrier of all legal obligations incurred by such carrier in connection with the operation or conduct of his or its business as such common motor carrier or contract carrier. In any action for damages resulting from the negligence of such carrier, the insurer or surety shall not be joined as a party defendant, nor shall the fact of the ultimate liability of such insurer or surety be disclosed, or commented on to the jury. Each insurance policy, or bond so required, shall be filed with the commission and kept in full force and effect, and upon the failure so to do the certificate or permit shall be revoked and cancelled."

Under this section the Board of Railroad Commissioners must require either liability insurance or a bond to guarantee the payment of any loss or damage to property or death or injury to persons resulting from the negligence of such carrier and also to guarantee the payment by the carrier of all legal obligations incurred by such carrier in connection with the operation or conduct of his or its business as such common carrier or contract carrier. The amount of the liability insurance or the bond is fixed by the Board of Railroad Commissioners. There are two conditions named in the statute. First "The conditions of this liability insurance or surety bond shall be such as to guarantee the payment of any loss or damage to property, or death or injury to persons, resulting from the negligence of such carrier." This condition, of course, relates to all accidents from negligence in driving the motor vehicle of every kind, nature and description and there is the further second condition: "and also to guarantee the payment by the carrier of all legal obligations incurred by such carrier in connection with the operation or conduct of his or its business as such common motor carrier or contract carrier." The Railroad Commissioners,

in complying with the provisions of this act, require, of each applicant, a bond in the sum of $5,000.00 to guarantee the payment of any loss under the first condition named in the statute and a bond in the sum of $250.00 to guarantee the payment by the carrier of all legal obligations incurred under the second condition of the statute. The matter of fixing the amount, under each condition, is in the discretion of the Board of Railroad Commissioners and no objection is made to the requirement of two bonds instead of one bond.

In the instant case the certificate of public convenience and necessity was granted after a hearing. The bond, in the sum of $5,000.00, was executed and delivered to the Board of Railroad Commissioners in compliance with the first condition of the statute and a bond was executed and delivered to the said Board of Railroad Commissioners, claimed by appellant to be a substantial compliance with the statute and with the rules and regulations of the Railroad Commissioners, but the bond was not accepted by the Railroad Commissioners and the plaintiff brings a mandamus proceeding to compel the Railroad Commissioners to accept and approve such bond. After a hearing to show cause the writ was denied and the plaintiff appeals.

The bond prepared by the Railroad Commissioners, as it appears on pages 16 and 17 of rules of the Board of Railroad Commissioners, reads as follows:

"Form of Bond for Faithful Performance of Duty.

"Know all men by these presents, That we, ———————— as principal, and ———————————, a corporation, as surety, are held and firmly bound unto the State of North Dakota, in the sum of ————— ($————) Dollars, good and lawful money of the United States, to be paid to the State of North Dakota, as liquidated damages, for which payment, well and truly to be made, we do bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this ———— day of ———————, 193—.

"The condition of this obligation is such, That Whereas, the said ———————————— has been or is about to be granted a Certificate of Public Convenience and Necessity as a common, or Permit as a contract,

motor carrier in the State of North Dakota to conduct an automobile or truck, freight or passenger transportation business in the State of North Dakota,

"Now, therefore, if the said ————— shall pay any final judgment not exceeding the penalty hereof, obtained against it for or on account of any and all legal obligations incurred by said ————— in connection with the operation or conduct of ————— business as such common motor carrier or contract carrier, excepting solely and only such loss or damage to cargo, and liability and property damage covered by other insurance or bond to the State of North Dakota, and on file with the Board of Railroad Commissioners of the State of North Dakota, then this obligation shall be void; otherwise, to be and remain in full force and effect.

"Provided, further, That this bond shall cover only such aforesaid legal obligations incurred by said ————— during the term beginning —————, 19—, and ending April 1, 193-, and that the Surety hereunder may cancel this bond as to future liability by serving registered mail notice to the Board of Railroad Commissioners of the State of North Dakota for its intention to so cancel, the cancellation notice to take effect 15 days after its actual receipt by the Board of Railroad Commissioners of the State of North Dakota.

"This bond is written in pursuance of and is to be construed in accordance with Chapter 164 of the Session Laws of the State of North Dakota for the year 1933, and acts amendatory and supplementary thereto, and the Rules and Regulations of the Board of Railroad Commissioners of the State of North Dakota."

The bond submitted by the plaintiff reads as follows:

"Form of Bond for Faithful Performance of Duty.

"Know all men by these presents, That we, Erick Rosedal of Lisbon, North Dakota, as principal, and Northern and Dakota Trust Company of Fargo, North Dakota, a corporation, as surety, are held and firmly bound unto the State of North Dakota, in the sum of Two Hundred Fifty and no/100 ($250.00) Dollars, good and lawful money of the United States, to be paid to the State of North Dakota, for which payment, well and truly to be made, we do bind ourselves, our heirs, execu-

tors, administrators, successors and assigns, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 30th day of January, 1934.

"The condition of this obligation is such, That Whereas, the said Erick Rosedal has been or is about to be granted a Certificate of Public Convenience and Necessity as a common motor carrier or Permit as a contract motor carrier in the State of North Dakota to conduct an automobile or truck, freight or passenger transportation business in the State of North Dakota.

"Now, Therefore, if the said principal shall pay any final judgment and/or combinations or series of judgments, the total thereof not exceeding the penalty hereof, obtained against it for or on account of any and all legal obligations incurred by said principal in connection with the operation or conduct of its business as such common carrier or contract motor carrier, excepting however from such legal obligations, any loss or damage to cargo, all damages for personal injuries which may be sustained by such person whomsoever and/or any loss and/or damage to property of any person whomsoever, then this obligation shall be void; otherwise, to be and remain in full force and effect.

"Provided, further, That this bond shall cover only such aforesaid legal obligations incurred by said principal, during the term beginning January 30, 1934, and ending April 1, 1934, and that the Surety hereunder may cancel this bond as to future liability by sending registered mail notice to the Board of Railroad Commissioners of the State of North Dakota of its intention to so cancel, the cancellation notice to take effect 15 days after its actual receipt by the Board of Railroad Commissioners of the State of North Dakota.

"It is expressly understood and agreed that this undertaking is not intended to be and shall not be construed as a statutory bond or undertaking and that the obligations hereunder shall not be construed to extend beyond the liability herein expressly provided for."

Appellant claims that he cannot give the bond in the form as prepared by the Railroad Commissioners, stating that no insurance company would furnish liability insurance and no bonding company would furnish a surety bond; that if such a bond was executed on the part of the plaintiff he would be liable for successive judgments in the

sum of $250.00 each or as many judgments as might be obtained against the plaintiff and the surety company.

The objectionable provision in the formal bond is, namely: "Now, Therefore, if the said ———— shall pay any final judgment not exceeding the penalty hereof, obtained against it for or on account of any and all legal obligations incurred by said ————." What is the meaning of this provision? It does not say that the principal and surety shall pay successive judgments against it for legal obligations incurred in connection with the operation or conduct of the business but says specifically that "if said ———— *shall pay any final judgment,*" not *judgments,* but *judgment, "obtained against it for or on account of any and all legal obligations incurred by said* ————" not exceeding the penalty hereof (which in this case is $250.00) then this obligation shall be void. If the Railroad Commissioners intended this form of bond to cover successive judgments, each for $250.00, it would have been a very easy matter to have so stated it in the bond. The language, as expressed in the bond, obligates the principal and surety *"to pay any final judgment not exceeding"* $250.00 *"for any and all legal obligations incurred* by said ———— in connection with the operation or conduct of ———— business as such common motor carrier or contract carrier, excepting solely and only such loss or damage to cargo, and liability and property damage covered by other insurance or bond to the State of North Dakota, and on file with the Board of Railroad Commissioners of the State of North Dakota."

The penalty fixed in the formal bond is $250.00 and § 6677 of the Compiled Laws 1913, provides that "A surety cannot be held beyond the express terms of his contract and if such contract prescribes a penalty for its breach, he cannot in any case be liable for more than the penalty." In this case the penalty in the bond is $250.00 and under the statute the surety company cannot be held for more than $250.00, the penalty named in the bond. The liability under this bond is limited to $250.00. If the Railroad Commissioners intended, or intends, a greater liability there should be no difficulty in preparing another form of bond which states the maximum liability of the principal and sureties in clear language. The power to limit the liability on the bond is vested in the Board of Railroad Commissioners by the statute and the penalty fixed in the bond is the maximum liability

438

thereon but the amount or penalty named in the bond must be reasonable.

This disposes of all of the claims of the plaintiff, except the provision "that this undertaking is not intended to be and shall not be construed as a statutory bond or undertaking." It is the duty of the Railroad Commissioners to require either liability insurance or a surety bond to guarantee the payment of any loss or damage to property or death or injury to persons, resulting from the negligence of such carrier, and the further provision "and also to guarantee the payment by the carrier of all legal obligations incurred by such carrier in connection with the operation or conduct of his or its business as such common motor carrier or contract carrier." This particular bond is given in compliance with this last provision in the statute and is therefore a statutory bond.

There being no abuse of discretion on the part of the Railroad Commissioners, in the requirements of the form of bond prepared by such Commissioners or in the refusal to accept the bond as prepared and submitted by the plaintiff, the judgment is affirmed.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.